### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL EVERETT JONES,**
**Inmate No. 08641-424,**

**Petitioner,**

**vs.**

**JAMES CROSS, JR.,**

**Respondent.**                                    **Case No. 12-cv-1228-DRH**

### MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

This matter comes before the Court for purposes of case management. Petitioner, currently incarcerated in Greenville Federal Correctional Institution (FCI Greenville), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. However, due to the incompleteness of petitioner's submitted petition and memorandum in support, the Court is unable to make a preliminary determination at this time pursuant to Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1] Thus, petitioner is **ORDERED** to supplement his petition and supportive materials in accordance with the directives of this Order by **Thursday, February 7, 2013**.

Petitioner states he was convicted in the Western District of Tennessee for possession of cocaine with intent to distribute and aiding and abetting in October

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

of 2006. On direct appeal, the Sixth Circuit affirmed petitioner's conviction. Petitioner also relates the denials of various post-conviction petitions were also affirmed on appeal. However, as to the instant petition, petitioner has failed to include the relevant allegations, as he merely states, "[e]rroneous career offender enhancement" forms the basis of his petition. Petitioner's attached memorandum of law does not further enlighten the Court as to the instant allegations, as it consists of one page of text (while this seems inadvertent as petitioner's statements cut-off in mid-sentence) and nine pages of Illinois Compiled Statues (the relevance of which is not clear to the Court) (Doc. 1-2).

Thus, before the Court can make a preliminary determination concerning petitioner's claims, **petitioner must provide the Court with both the factual and legal substance of his allegations contained within a petition.** To clarify, while a memorandum of law can help to clarify petitioner's arguments, it does not sufficiently bring claims against respondent. Thus, petitioner is directed to supplement his petition with a brief explanation of the factual and legal bases of his claims by **Thursday, February 7, 2013**. Petitioner is advised that failure to so supplement shall result in dismissal of this action.

**IT IS SO ORDERED.**

Signed this 7th day of January, 2013.

Digitally signed by
David R. Herndon
Date: 2013.01.07
16:10:30 -06'00'

**Chief Judge
United States District Court**