IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL EVERETT JONES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 12-cv-1228-CJP[1] |
| | ) |
| **JAMES CROSS, JR.,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Michael Everett Jones filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 1). In 2006, he was convicted of aiding and abetting possession with intent to distribute cocaine in the Western District of Tennessee. Because he had two prior convictions for felony drug offenses, the sentencing court applied the career offender enhancement under U.S. Sentencing Guideline §4B1.1. He was sentenced to 240 months imprisonment.

Jones argues that the career offender enhancement should not have been applied to him because his prior Illinois drug conviction was not a felony. Respondent argues that Jones is precluded from bringing that claim in a §2241 petition.

## Relevant Facts and Procedural History

As is set forth in the supplement to the petition, Doc. 4, Jones had two

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 14.

prior drug convictions, one state and one federal. The state conviction is at issue here. In 1996, he was convicted of violating the Illinois Controlled Substances Act, 720 ILCS 570/401(c), and was sentenced to two years of probation. He contends that this conviction does not qualify as a felony. See, Doc. 4, pp. 4-5.

Petitioner filed a direct appeal in which he argued that the evidence was insufficient to support the verdict. See, *United States v. Jones*, 2008 WL 2776785 (6th Cir. 2008). He also filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 in the Western District of Tennessee. He argued in that motion that counsel had been ineffective in several ways, but raised no issue related to the career offender enhancement. See, Doc. 8, Ex. 4.

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, **Valona v. United States, 138 F.3d 693, 694 (7th Cir.1998).** Rather, the vehicle for challenging a federal conviction or sentence is a motion pursuant to 28 U.S. C. §2255, brought in the court of conviction. Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." **Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003)**.

A prisoner is generally limited to only one challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion

contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241.  28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e). See, **United States v. Prevatte, 300 F.3d 792, 798–99 (7th Cir.2002)**.  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."  **In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)**

The Seventh Circuit has explained that, in order to fit within the savings clause following **Davenport,** a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a

3

miscarriage of justice.  **Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013).** See also, **Brown v. Rios, 696 F3d 638, 640 (7th Cir. 2012).**

## Analysis

According to petitioner, he was convicted of violating 720 ILCS 570/401(c). He argues that this conviction was improperly used to brand him as a career offender because he could not have been sentenced to a term of imprisonment exceeding one year for violation of that subsection. He bases this argument on the language of that subsection, quoted in the memorandum attached to his original petition:

> Any person who violates this Section with regard to the following amounts of controlled or counterfeit substances or controlled substance analogs, notwithstanding any of the provisions of subsections (a), (b), (d), (e), (f), (g) or (h) to the contrary, is guilty of a Class 1 felony. The fine for violation of this subsection (c) shall not be more than $250,000: . . .

The subsection then goes on to list the amounts of various drugs to which it applies. See, Doc. 1, Ex. 2, p. 6.

Jones interprets the above language to mean that he could only be fined, and not imprisoned, for violating §570/401(c). There are two potential problems with the substance of petitioner's argument. First, he was convicted in 1996. This Court expresses no opinion as to whether the version of the statue quoted by petitioner was in effect at the time of his conviction. Further, as one would expect, Illinois statutes define the phrase "Class 1 felony" in another section. The current version, 730 ILCS 5/5-4.5-30 provides that, for a Class 1 felony, "The sentence of imprisonment, other than for second degree murder, shall be a

4

determinate sentence of not less than 4 years and not more than 15 years." Thus, petitioner's argument that he was subject to a fine only, and not to imprisonment for more than a year, is dubious, at best. However, this Court need not rule on the merits of his argument, since he is precluded from bringing a §2241 petition.

Petitioner Jones cannot proceed by way of §2241 in this District because his petition does not fit within the savings clause of 28 U.S.C. §2255(e). In order to fit within the savings clause, the remedy provided by §2255 must be "inadequate or ineffective to test the legality of his detention." Petitioner's claim that his Illinois drug conviction was not a felony is a claim that he could have brought on direct appeal or in his §2255 motion.

In order to show that §2255 is inadequate, a petitioner must "first show that the legal theory he advances relies on a change in law that both postdates his first §2255 motion (for failure to raise a claim the first time around does not render §2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" **Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003), citing Davenport, 147 F.3d at 611.** Where the claim being advanced in the §2241 petition could have been, or was, advanced in a prior §2255 motion, the remedy offered by §2255 is not inadequate or ineffective. **Taylor v. Gilkey, 314 F.3d 832, 835-836 (7th Cir. 2002); Davenport, 147 F.3d at 609.**

In an attempt to show that his argument relies on a change in the law, Jones cites **Narvaez v. United States, 674 F.2d 621, 629-630 (7th Cir. 2011)**. **Narvaez** addressed the application of U.S.S.G. §4B1.1, but not in a way that

5

applies to petitioner's claim.  §4B1.1 increases the sentencing range for a defendant who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  Jones' enhanced sentence was based on prior felony convictions for controlled substance offenses.  **Narvaez**, in contrast, concerns the question of what crimes count as *violent* felonies.  The case had nothing at all to do with the question presented here, i.e., whether a prior conviction constitutes a felony for purposes of §4B1.1.

Jones also cites **Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010),** and **Moncrieffe v. Holder, 133 S.Ct. 1678 (2013)**.  Both of those cases concern the issue of whether prior crimes qualify as aggravated felonies for purposes of the Immigration and Nationality Act, 8 U.S.C. §1101, *et seq*.  **Carachuri-Rosendo, 130 S.Ct. at 2580**.  **Moncrieffe, 133 S. Ct. at 1683-1684.**  Neither case is relevant to petitioner's argument.

Petitioner's argument simply does not rely upon a new statutory interpretation case.  Rather, his argument is that, based on the wording of the Illinois statute which he was (according to him) convicted of violating, he could only have been sentenced to a fine, and to a term of imprisonment.  That argument has been available to him all along, and could have been raised on direct appeal or in his §2255 motion.  Jones also argues that a "certificate of conviction" was never entered on the Illinois charge.  Again, this argument does not rely on a new cases decided after his §2255 motion.

Lastly, the Court notes that Jones argues that he is "actually innocent" of

6

his sentence, citing **Narvaez v. U.S., 674 F.3d 621 (7th Cir. 2011)**. He is correct that, under current law, a "fundamental sentencing defect" can be addressed in a §2241 petition. See, **Brown v. Caraway, 719 F.3d 583, 587 (7th Cir. 2013)**. However, this argument misses the mark. **Brown** still requires the petitioner to meet all three of the **Davenport** requirements. **Brown, 719 F.3d at 588**. The assertion that he is "actually innocent" of his sentence, as opposed to the crime of which he was convicted, goes only to the third of the **Davenport** factors. Petitioner's insurmountable problem is that he cannot meet the first requirement because his claim for habeas relief does not rely on a change in the law that postdates his first §2255 motion.

## Conclusion

Michael Everett Jones' Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:  June 9, 2014.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
